**UNITED STATES DISTRICT COURT**
**SOUTHERN DISTRICT OF OHIO**
**WESTERN DIVISION AT DAYTON**

**UNITED STATES ex rel.,**
**FREBCO, INC.,**

                 Case No. 3:08-cv-455

    **Plaintiffs,**

                 Judge Thomas M. Rose

**-v-**

**DORSEY CONSTRUCTION CO., et al.,**

    **Defendants.**

___

**ENTRY AND ORDER OVERRULING FREBCO'S MOTION FOR**
**DEFAULT JUDGMENT (Doc. #8) AND SHOW CAUSE ORDER**
___

  This matter arises from a renovation project at the Dayton VA Medical Center. Plaintiff Frebco, Inc. ("Frebco") filed this lawsuit because it has allegedly not been paid in full for labor it provided and services it performed for Defendant Dorsey Construction Co. ("Dorsey"). Dorsey was allegedly the prime contractor on the renovation project and Frebco was allegedly a subcontractor to Dorsey.

  Defendant First Sealord Surety, Inc. ("First Sealord") and Defendant HM Exchequer LLC ("HM Exchequer") allegedly had contacts with Dorsey relating to the issuance of a performance bond for the renovation project. In the event that no payment bond was issued by First Sealord or HM Exchequer, Frebco names Defendant John Doe Company as the issuer of a payment bond for the renovation project.

  Frebco brings four (4) Counts in its Complaint. (Doc. #1.) Count One is against all defendants for violation of the Miller Act, 40 U.S.C. § 3133. Count Two is against Dorsey for breach of contract. Count Three is against Dorsey for quantum meruit, and Count Four is against

Dorsey for violation of Ohio's Prompt Pay Act, Ohio Rev. Code § 4113.61.

Neither First Sealord or HM Exchequer entered an appearance and they have been voluntarily dismissed by Frebco. (Doc. #9.) Defendant John Doe Company has not been identified.

Dorsey was served but has not pled or otherwise defended itself. Pursuant to Frebco's motion, the Clerk has entered default against Dorsey. (Doc. #7.)

Now before the Court is Frebco's Motion for a Default Judgment Against Dorsey Construction Company. (Doc. #8.) The time has run and Dorsey has not responded.[1] Frebco's Motion is, therefore, ripe for decision.

## ANALYSIS

A party who has defaulted has conceded the truth of the factual allegations in the complaint. *Antoine v. Atlas Turner,* Inc., 66 F.3d 105, 110-11 (6th Cir. 1995); *Ortiz-Gonzalez v. Fonovisa*, 277 F.3d 59, 62 (1st Cir. 2002); *Black v. Lane*, 22 F.3d 1395, 1399 (7th Cir. 1994). Dorsey has, therefore, conceded to the factual allegations in Frebco's Complaint and those relevant are as follows:

Dorsey was the prime contractor on a renovation project at the Dayton VA Medical Center. (Compl. ¶ 9.) Frebco subcontracted to Dorsey on the renovation project to provide certain labor and materials. (Id. ¶ 12.) The subcontract between Dorsey and Frebco was in the amount of $57,200 plus one agreed change order that increased the amount to $57,661. (Id.)

---

[1] Service of Frebco's Motion for Default Judgment is questionable because Frebco's Certification of Service certifies that a copy of the Motion was served on Dorsey by regular U.S. Mail **or** via the Court's ECF system. However, since Dorsey has not entered an appearance (and would thus not receive service via the Court's ECF system), service of Frebco's Motion for Default Judgment is not required by Fed. R. Civ. P. 55(b)(2).

Frebco completed its work under the subcontract on February 24, 2008. (Id. ¶ 14.) Frebco submitted timely invoices, including its final invoice and has sought payment from Dorsey for all materials and labor furnished. (Id. ¶ 15.) Frebco has not been paid by Dorsey the principal sum of $24,815.11, together with pre-judgment interest from and after March 28, 2008. (Id. ¶ 16.) Finally, Frebco believes that Dorsey has been paid in full for Dorsey's work on the renovation project. (Id. ¶ 36.) The Court must next consider whether these facts constitute a violation of the law. *Pope v. United States*, 323 U.S. 1, 12 (1944).

Frebco seeks an entry of default judgment based upon Dorsey's violation of the Ohio Prompt Pay Act, Ohio Rev. Code § 4113.61.[2] Therefore, the Court must determine if the facts set forth above constitute a violation of the Ohio Prompt Pay Act.

Ohio's Prompt Pay Act provides that, if a subcontractor submits an application or request for payment or an invoice for materials to a contractor in sufficient time to allow the contractor to include the application or request or invoice in the contractor's own pay request to the owner, the contractor must pay the subcontractor the amount due within ten (10) days of receipt of payment from the owner. Ohio Rev. Code § 4113.61(A)(1). Frebco's Complaint alleges that it completed its work on the renovation project and has submitted timely invoices including its final invoice. Frebco also alleges that Dorsey has been paid in full for Dorsey's work on the renovation project but that Frebco has not received payment from Dorsey. These factual allegations are accepted as true.

However, there are no specific factual allegations in the Complaint that Frebco submitted

---

[2] Frebco also argues that Dorsey breached the contract between them as pled in Count Two. However, the damages that Frebco seeks are pursuant to Dorsey's alleged violation of the Ohio Prompt Pay Act, Count Four.

its request for payment to Dorsey in sufficient time to allow Dorsey to include Frebco's request in Dorsey's own final request. Further, the Affidavit submitted by Frebco's Vice President does not include allegations that Frebco submitted its request for payment in sufficient time to allow Dorsey to include it in Dorsey's own final request. Therefore, the facts pled in Dorsey's Complaint and in the Vice President's Affidavit attached to Frebco's Motion do not support a violation of the Ohio Prompt Pay Act.

Since the facts pled in Dorsey's Complaint and in the Affidavit do not constitute a violation of the Ohio Prompt Pay Act and since Dorsey's has not sought default judgment on any of the other Counts of its Complaint, Dorsey's Motion for Default Judgment must be denied without prejudice to renewal. Dorsey may again seek default judgment if and when it can identify facts that support one of the claims made in its Complaint.

Finally, Frebco is given until not later than sixty (60) days following entry of this Order to resubmit an actionable Motion for Default Judgment or show cause as to why a default judgment should not be sought. Failure to either seek a default judgment or show cause as to why a default judgment should not be sought may result in sanctions up to and including dismissal of this action against Dorsey.

**DONE** and **ORDERED** in Dayton, Ohio this Twentieth day of February, 2009.

s/Thomas M. Rose
_____
THOMAS M. ROSE
UNITED STATES DISTRICT JUDGE

Copies furnished to:

Counsel of Record